Caruthers, J.,
delivered the opinion ef the Court,
At a sale ef the lands and slaves ef the estate of Jacob Newman, deceased, under a decree of the Chancery Court at Knoxville, made upon the bill ef the 'defendants, as his personal representatives -and heirs, Wm. 6r. Swan became the purchaser ef lots -to the amount ef about $4000, for which he executed his notes -and made payments according to the terms of the decree. The report of the sale was confirmed by the Court. After paying upwards of $SOOO ef the purchase money, Swan filed this bill, impeaching the proceedings -as null and void, and praying that they he so declared, and that what he had paid be refunded to him with interest, and the amount unpaid perpetually enjoined. The heirs all resist this application, and insist that the sale be held good.
*290 The grounds taken against the proceedings, and which it is contended under the decree are void, are two :
1. That the heirs are not all before the Court. There is one/me covert and two infants. As to the feme covert, Mrs. Gillespie, it appears that her name is not signed with the other complainants to the bill, but it is expressly used with that of her husband, as one of the complainants, in the caption. We are aware of no law that requires any of the complainants to sign a bill. They generally sign a petition, but not a bill, and it is not essential to the validity of either if the names appear in the body or caption of the bill or petition.
The infants were made defendants, but it is insisted that one of them, O. P. Newman, was not served with process. That is a mistake. The sheriff’s return of the subpoena is this:
“ Executed as to Caroline H. Newman, for herself and as guardian, also as to O. P. Newman, September 30, 1855. Executed as to Howard W. Newman, October 1, 1855.”
These are the two minor defendants, and their mother, the said Caroline, was their guardian. The construction attempted to be given is, that the service was upon the guardian alone, and not upon O. P., her ward. To put this beyond controversy, the sheriff "was allowed to amend his return. But that was entirely unnecessary, as the return is sufficiently explicit, and it is strange there should have been any doubt about it.
The parties, then, were all properly before the Court, and there is nothing in this objection'. This being so, it might be unnecessary to consider the objections taken to the regularity of the proceedings under which the sale was made, because, as between the purchaser and the infants, where we can see that the sale was advantageous to the latter, and that a loss would result from setting it aside, we would not do so, for irregularities or defects which can be cured by decreeing the title to the purchaser, as we have all the parties before us. The purchaser can only claim the title, and that can be given to him notwithstanding there may be defects in the proceed *291 ings of such a character as that the infants would not fee' hound by them. But if it is clear to the Court, as it is in this case, where the property has since the sale depreciated in value, or on any other account, that it is to the interest of the infants that the sale should be maintained, that will fee done fey a divestiture of their title in favor of the purchaser, and holding Mm to his contract. All he can demand is a good title, and if the Court is able to give him that, he has no reason to complain that the proceedings were irregular; that Is nothing to him. This, of course, can only fee done where the parties interested are ail before the Court, and a case is made out to give the Court jurisdiction. Otherwise the Court could not decree him a good title, and for that reason would not compel him to pay his money. The case of Rowan v. Pope, decided at the last term at Nashville, and to be reported in the next volume of reports, was very similar to this in its principle.
The Court will afford to the infants the proper protection, fey securing to them the benefits of an advantageous sale, and to the purchaser, fey securing to him a good title. That is all he expected when he purchased, and that we are able to give him by a decree investing him with the title of all the parties before us, both minors and adults.
But, secondly, this sale is not void by any of our adjudica, tions. What are the objections to it? The bill of the heirs was based upon two grounds, viz : That the sale was necessary for the payment of the debts of the estate as well as for partition.
A reference was made to the master to take proof, and report upon both points, and the general assets. He reported that the estate was largely indebted, and that although the personal property and choses in action were nominally more than sufficient to meet the debts, it might be necessary to sell the land and slaves. But he failed to give a schedule of the debts. This should have been done as near as practicable. Upon the other ground, the clerk reported that it would be to the interest of the heirs to sell the real estate, as well for the *292 payment of debts as for partition. The witnesses examined by him gave tbeir opinions distinctly, and a reason to support them. The Chancellor considered the case made ont, and de- • creed the sale, in which decree the grounds prescribed by the .statute were assumed to exist. Davidson v. Bowden, 5 Sneed, 129, is relied upon to sustain the objections in this case. That was entirely a different case. There a widow filed a petition in her own name and that of six minor children, of whom, she stated, she was guardian, in Mississippi, where they all resided, without making them defendants, the master barely reported that the land could not be divided among the heirs “ to advantage,” and had only the opinion of one witness to that effect, without any facts or reasons; and even the . decree did not assume that the lands could not be divided, nor that it would be to the “ interest of the heirs to have a sale.” So, in that case, none of the grounds prescribed in the statute, to authorize a'sale, appeared either in the proof, report, or decree. It is an entire perversion of that' ease to apply it to one like this.
These proceedings ought to be carefully guarded for the protection of infants and married women; but where we can see that the parties are all before the Court, and the proceedings are in substantial conformity to the statute, we will not set aside sales for the benefit of purchasers to the prejudice of infants.
The Chancellor declared the sale void, released the purchaser, and ordered that the lots be held bound for the money he had advanced, with interest, now upwards of four thousand dollars, and that the lots should be sold to reimburse him. This was a very thorough uprooting of all that had been done against the earnest protest of all concerned in the sale, and in the face of their propositions to make the title good by decree of divestiture or otherwise.
This decree will be reversed, the purchaser’s bill dismissed with costs, and the case remanded for such further orders and decrees as may be necessary to collect the balance of the purchase money, and perfect the title to the purchaser.